IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNY J. WESTERFIELD, | ) | Case No. 1:18-cv-275 |
| | ) | |
| Plaintiff | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, et al., | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Defendants | ) | ON DEFENDANTS' MOTIONS TO |
| | ) | DISMISS OR, IN THE ALTERNATIVE, |
| | ) | MOTIONS FOR SUMMARY JUDGMENT |
| | ) | [ECF NOS. 52 and 56] |

MEMORANDUM OPINION AND ORDER

I.      Introduction

Plaintiff Ronny J. Westerfield initiated this action on September 19, 2018.  ECF No. 1.  In

the operative amended complaint, filed on October 28, 2019, Plaintiff asserts state law claims of

negligence and breach of contract and he seeks relief pursuant to 42 U.S.C. § 1983, alleging that

certain defendants violated his rights as secured by the United States Constitution during his

incarceration at the State Correctional Institution at Albion (SCI-Albion).  ECF No. 50.[1]

There are two pending dispositive motions.   The Medical Defendants (Correct Care

Solutions, Doctor Jose Boggio, and Alexis Sacara) have filed a Motion to Dismiss or, in the

alternative, Motion for Summary Judgment.   ECF No. 52.   The Corrections Defendants (the

Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, John E. Wetzel,

Michael Clark, Sydney Campbell and Daryll Wolfe) have filed a Motion to Dismiss or, in the

---

[1] The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

alternative, Motion for Summary Judgment.  ECF No. 56.  These motions have been fully briefed and are ripe for disposition.[2]

II.      Standards of Review

 A.      Motion to Dismiss

 A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)).  In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

 B.      Motion for Summary Judgment

 Federal Rule of Civil Procedure 56(a) requires a court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

---

[2]  The Court notified Plaintiff that the Court would treat the instant motions as motions for summary judgment to the extent they were based upon assertions that Plaintiff failed to exhaust his administrative remedies.  ECF Nos. 54 and 58.

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

In determining whether a genuine issue of material fact remains for trial, the court must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To defeat a properly supported motion for summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings but must identify evidence that demonstrates the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Furthermore, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The moving party may also rely upon the absence of evidence to support an essential element of the opposing party's claim as a basis for the entry of summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

Case 1:18-cv-00275-RAL   Document 68   Filed 08/18/20   Page 4 of 9

III.     Background

In the operative complaint, Plaintiff alleges the following.  On December 8, 2016, between approximately 5:00 p.m. and 5:30 p.m., Plaintiff exited Bravo Unit at SCI-Albion to go to supper. ECF No. 50 ¶ 19.  He took several steps and slipped on the ice, slamming his head and back on the sidewalk. *Id.* ¶ 20.  He remained lying on the sidewalk for 15 to 50 minutes before the medical nursing staff arrived. *Id.* ¶ 21.  He was unable to move his head or sit up without extreme difficulty in his neck and lower back. *Id.* ¶ 22.  Plaintiff was escorted to the infirmary and examined by the prison medical staff while awaiting an ambulance to take him to UPMC Hamot in Erie County, Pennsylvania. *Id.* ¶ 23.  He stayed at UPMC Hamot for 24 hours and there underwent an MRI and a CT scan. *Id.* ¶ 24.  He returned to SCI-Albion with a C-collar around his neck with instructions to have a second MRI and then follow up with a neurosurgeon. *Id.* ¶ 25.

In February 2017, after having the second MRI, Plaintiff saw a neurosurgeon in Meadville, Pennsylvania, where it was determined that Plaintiff should see a professional pain specialist. *Id.* ¶ 26.  Correct Care Solutions ("CCS") had denied the recommendation for Plaintiff to see a pain specialist. *Id.* ¶ 27.  Upon consultation with P.A. Sacara, Plaintiff agreed to let her act as his pain management provider for the constant severe pain he was experiencing. *Id.* ¶ 28.  With Sacara's assistance, Plaintiff tried multiple sources of pain relief, all of which were of no help. *Id.* ¶ 29. Sacara eventually informed Plaintiff that there was nothing else she could do. *Id.* ¶ 30.  Plaintiff continues to experience severe pain. *Id.* ¶ 31.

Plaintiff asserts Count One against the Pennsylvania Department of Corrections, Superintendent Michael Clark, Captain Sydney Campbell, C.O. Daryll Wolfe, and C.O. John/Jane Doe,[3] for negligence related to the condition of the sidewalk. *Id.* at 9-11.  Plaintiff asserts Count

---

[3] Plaintiff has never identified this defendant nor has this defendant been served.

Two against the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections for breach of contract related to the condition of the sidewalk. *Id.* at 12-13. Plaintiff asserts Count Three against CCS, Physician's Assistant Alexis Sacara, and Dr. Jose Boggio, alleging deliberate indifference of his medical needs in violation of the Eighth Amendment. *Id.* at 13-14.

IV.    Analysis

    A.    The Medical Defendants' Motion

In support of their motion, the Medical Defendants first assert that they are entitled to judgment as a matter of law because Plaintiff failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 53 at 5-12.

The PLRA's exhaustion provision states: "No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a "threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time [,]" and must "be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269-70 (3d Cir. 2013) (citations omitted) (emphasis in original). Failure to exhaust is an affirmative defense that must be pleaded and proven by the defendants; it is not a pleading requirement for the prisoner-plaintiff. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

To properly exhaust administrative remedies under the PLRA, "prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Robinson v. Superintendent*

*Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) (internal quotations and citations omitted).  Courts do not have discretion to decide whether exhaustion should be excused, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), and there is no exception to the exhaustion requirement based on "futility." *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002) (citations omitted).

Relevant to these proceedings is the official Inmate Grievance System of the Pennsylvania Department of Corrections ("DOC"), which is governed by Administrative Directive 804 ("DC-ADM 804").  The grievance process provided therein consists of three steps: (1) initial review by a Grievance Officer of an inmate grievance; (2) appeal to the Facility Manager to review the decision of the Grievance Officer; and (3) final review or appeal to the Secretary's Office of Inmate Grievance Appeals ("SOIGA") to review the decision of the Facility Manager.  *See* DC-ADM 804 (April 27, 2015); *see also Smith v. Sec'y of the Pa. Dep't of Corr.*, 747 Fed. Appx. 101, 103-104 (3d Cir. 2018) (discussing the three-step grievance process set forth in DC-ADM 804).  DC-ADM 804 provides, in pertinent part, that "[t]he inmate must submit a grievance to the Facility Grievance Coordinator/designee, usually the Superintendent's Assistant, within 15 working days after the event upon which the claim is based."  DC-ADM § 1.A.8.

On March 2, 2017, Plaintiff filed Grievance No. 667556, his only grievance concerning his slip and fall accident and resulting injury.  ECF No. 53-1 at 2-3.  Therein, he provided the following statement of his grievance:

> On December 8, 2016 as I was leaving Bravo Unit at about 5:15-5:30 pm for Dinner, I slipped on the ice, slamming my head and back on the sidewalk. I laid there approximately 10 minutes in the snow before the medical department arrived. I was then taken to UPMC Hamot for CT scan & MRI.  On the evening the following day I left Hamot and returned to S.C.I. Albion with a C-collar on my neck.  2 months and 1 week later, after having another MRI, I saw a neurosurgeon for the results.  He recommended that I see a pain specialist to see if the nerve damage/pain I am having from my neck,

over my shoulder to my right pec[] is permanent or can be treated over time with pain management and/or therapy. Obviously, thank God Almighty my neck and spine is intact.

As a result of my fall, I am forced to endure constant pain in the areas that I described above that feel like Jellyfish constantly stinging my in my chest.  Constant aches and stiffness in my neck.  My lower back starts to cramp when I walk a good distance (say, from Juliet Unit to Dining Hall b/d[)].  The pain and discomfort gets quite unb[ear]ble and it is difficult to get to sleep at night.  I have been removed/released from my job and am finding it difficult to find another one due to the extent of my injuries.

I would just like to see the grounds salted & shoveled properly and to be justifiably compensated for the pain and suffering that I have to endure.  If this turns out to be a permanent injury, it will greatly [a]ffect my life once I am released from my incarceration.

*Id.*

Plaintiff's grievance did not name any of the Medical Defendants or take issue with any treatment or other conduct provided by the Medical Defendants.  At the initial review stage, this grievance was rejected because it was not submitted within fifteen working days after the event upon which it was based.  *Id.* at 4.  Plaintiff appealed to the Facility Manager, explaining that his grievance was tardy because he was in the infirmary until February 9, 2017, and he did not know he had to file a grievance for falling on a walkway that was not properly shoveled or salted because he assumed that SCI-Albion would automatically take responsibility.  *Id.* at 5.  The Facility Manager upheld the initial rejection because the grievance was not submitted within fifteen working days after the events upon which the claims were based.  *Id.* at 6.  Plaintiff then filed an appeal to final review, again explaining that his initial grievance was filed "late" because he did not know he had to file one "for falling because they failed to shovel and salt the sidewalk.  I just assumed that D.O.C. would automatically offer to help compensate me due to my injuries."  *Id.* at

7. The final appeal decision from SOIGA was a dismissal upon a finding that the grievance was properly rejected at the facility level because it was not submitted within fifteen working days after the events upon which the claims were based. *Id.* at 1.

In response to the Medical Defendants' argument that he failed to exhaust his administrative remedies, Plaintiff argues that they have erroneously calculated the relevant 15-day time period as beginning on the date of the fall when it truly began on February 25, 2017, the date on which Plaintiff "concluded that the medical department would not treat his medical injuries that he sustained as a result of unsh[ovel]ed and unsalted sidewalks." ECF No. 66 at 2. He asserts that "it took 21 days for Plaintiff to realize the full gravity of his injuries and that the pain and agony caused by these injuries would not go away - as the Defendants had informed him it would." *Id.* at 5. Plaintiff does not provide any explanation as to how he came to this realization on February 25, 2017. Further, to the extent it is relevant, the time between the December 8, 2016, fall and February 25, 2017, was approximately 48 days -- not 21.

In any event, Plaintiff does not dispute that the grievance was filed more than fifteen days after his fall. The sole event grieved by Plaintiff therein is the fall on December 8, 2016. He was required by the applicable procedural rules provided by the prison grievance process to file any grievance concerning the fall within fifteen working days of this event. He did not. He therefore failed to properly exhaust his administrative remedies for any claim related to injuries from his fall and thus he cannot obtain bring any federal action with respect to such a claim. Accordingly, the Medical Defendants are entitled to judgment as a matter of law on Claim 3, the sole claim asserted against them.

B.      The Corrections Defendants

Accordingly, the only claims remaining in this case are state law claims against the Corrections Defendants.[4]  Where all claims over which this Court has original jurisdiction have been dismissed, this Court may decline to exercise supplemental jurisdiction over the remaining claims. *Carbone v. City of New Castle*, 2017 U.S. Dist. LEXIS 191012 at *48 (W.D. Pa. Nov. 20, 2017) (citing 28 U.S.C. § 1367(c)(3)).  Indeed, the United States Court of Appeals for the Third Circuit has instructed that, "absent extraordinary circumstances, pendent jurisdiction should be declined where the federal claims are no longer viable." *Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (internal quotations omitted).  Because there are no extraordinary circumstances surrounding this case which would warrant the exercise of supplemental jurisdiction, Plaintiff's pendent state law claims are dismissed without prejudice to raise them in state court.

V.            Conclusion

For the reasons discussed herein, the Medical Defendants' Motion for Summary Judgment, ECF Nos. 52, is GRANTED.  The remaining state law claims against the Corrections Defendants are DISMISSED without prejudice to raise in state court.  The Corrections Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, ECF No. 56, is DENIED AS MOOT.  The Clerk is to mark this case CLOSED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: August 18, 2020

---

[4] The Corrections Defendants also raise the defense of failure to exhaust in support of their motion, citing the PLRA, ECF No. 57 at 4-10; however, Plaintiff has not asserted any federal claim against the Corrections Defendants, so this defense does not merit them relief.  As set forth above, the PLRA's exhaustion provision concerns only actions brought under 42 U.S.C. § 1983 or other federal law.